FRANK E. GRAVES *vs.* JENNIE L. HORTON.

### December 23, 1887.

**Principal and Agent—Limited Authority—Evidence.**—The fact that in a particular instance a person was authorized by the owner of property to negotiate a sale of it to one person on certain terms, the actual transfer to be made by the owner personally, is not sufficient to prove authority in such person to sell and transfer the same property at a prior time and on different terms to another and different person.

**Same—General Reputation.**—Agency cannot be proved by general reputation.

Evidence *held* insufficient to sustain the verdict.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried before *Lochren,* J., and a jury, and plaintiff had a verdict. The defendant moved for a new trial on the ground that the verdict was not justified by the evidence, and the motion was denied.

In addition to the facts recited in the opinion, it appeared from the testimony of the plaintiff that he purchased the property in question from the defendant, in Minneapolis, in January, 1886, receiving a bill of sale; that he did not think he could do anything with the property at the time, and did not go down to Spirit Lake, where the property was situated, till May, 1886, when he was handed a telegram by T. V. Horton, which had been received from Spirit Lake, and stated that McCurdy was tearing down the rink; that the telegram was a month old when handed to him, and that when he reached Spirit Lake he could not find the property, and found that the buildings, in which it was supposed to be, had been moved away. McCurdy testified that he purchased the property in question from the defendant through F. M. Horton, as her agent; that he took possession of it and disposed of it, (refusing to state what disposition he made of it,) and that, as a part of the consideration on his purchase, he conveyed 80 acres of land in Iowa, the conveyance being made to Caroline W. Horton (wife of F. M. Horton) under F. M. Horton's instructions.

*Smith & Reed*, for appellant.

*C. H. Childs*, for respondent.

MITCHELL, J. This action was brought to recover the value of certain property, which plaintiff had exchanged with defendant for a skating rink, skates, boats, etc., situated at Spirit Lake, Iowa. Plaintiff's claim is that there was an entire failure of title to this property, because defendant had previously sold it to one McCurdy. It is not claimed that defendant had personally sold it to McCurdy, whatever was done in that regard having been done by one F. M. Horton, assuming to act as her agent. Hence, unless F. M. Horton had authority as defendant's agent to sell to McCurdy, there could have been no such sale, and plaintiff has no cause of action. The burden was on plaintiff to prove such agency.

It is axiomatic in the law of agency that no one can become the agent of another except by the will of the principal, either expressed or implied from particular circumstances; that an agent cannot create in himself an authority to do a particular act by its performance, and that the authority of an agent cannot be proved by his own statement that he is such. Applying these elementary principles, and stripping the evidence of all that is immaterial or incompetent, and giving to what remains all the force that can be claimed for it, all there is that was brought home to defendant tending to prove any such agency is that, when F. M. Horton was in Spirit Lake, he transmitted and submitted to her in Minneapolis what purported to be a proposition from McCurdy to give for this property $1,090 in goods, and assume a mortgage on it for $385, and that she agreed to accept this proposition; that, McCurdy being unable to carry this out, F. M. Horton submitted to her another proposition, as coming from McCurdy, viz., to give in place of the goods 80 acres of land in Iowa; that defendant declined to accept this last proposition, and so notified McCurdy; that about two weeks after this she authorized F. M. Horton to negotiate the sale of this property to plaintiff on the terms which were finally agreed on, she herself making the transfer by executing the bill of sale described in the complaint. We have, on the other hand, the flat denials of both defendant and F. M. Horton,

that he ever had any authority from her to sell this property or ever was her agent for this or any other purpose.

This is really all the competent evidence there is at all bearing upon this question of agency. The acceptance of McCurdy's first proposition, which he was unable to carry out, certainly does not tend to prove authority to F. M. Horton to sell on the terms of the second, which defendant expressly declined to accept; and if any sale ever was made to McCurdy, it was on the basis of this last proposition. Hence the evidence of agency is reduced down to the fact that defendant authorized F. M. Horton to negotiate the sale to plaintiff, which she herself consummated by the execution of a bill of sale. It certainly cannot be that this is sufficient. It is true that agency may be proved from the habit and course of dealing between the parties; that is, if one has usually or frequently employed another to do certain acts for him, or has usually ratified such acts when done by him, such person becomes his implied agent to do *such acts;* as, for example, the case of the manager of a plantation in buying supplies for it, or the superintendent of a saw-mill in making contracts for putting in logs for the use of the mill, which are the cases cited by respondent. It is also true, as was said in *Wilcox* v. *Chicago, Mil. & St. Paul R. Co.*, 24 Minn. 269, (which involved the question of the authority of the person to whom goods were delivered to receive' them,) that a single act of an assumed agent, and a single recognition of it, may be of so unequivocal and of so positive and comprehensive a character as to place the authority of the agent to do *similar* acts for the principal beyond question. It is also true that the performance of subsequent as well as prior acts, authorized or ratified by the principal, may be evidence of agency, where the acts are of a similar kind, and related to a continuous series of acts embracing the time of the act in controversy, as indicating a general habit and course of dealing; as, for example, the acts of the president of a railway company in making drafts in the name of the company, which were honored by it, which was the case of *Olcott* v. *Tioga R. Co.*, 27 N. Y. 546, cited by counsel. But we think the books will be searched in vain for a case

where it was ever held that authority to negotiate for the sale of property to one person at one time on certain terms, the transfer to be made by the principal in person, was evidence of authority to sell and transfer the same property at some former time to another person on different terms.

There are some facts about this case that would naturally incline the sympathies of a jury towards plaintiff. He has so far got nothing for the property which he gave to defendant. The conduct of F. M. Horton was not calculated to commend itself to their favor, as he admits obtaining and retaining a conveyance to his wife of the very land which McCurdy proposed to give to defendant in exchange for this property. But we do not see how, upon legal principles, the verdict can be sustained under the present state of the evidence.

A new trial would, however, have to be granted on the ground of error in the admission of evidence. The general statement of the witness McCurdy that Frank M. Horton did quite an extensive business at Spirit Lake trading in real estate, and frequently bought and sold in the name of Jennie L. Horton and Carolina W. Horton, without identifying the transactions, or describing them, or in any way bringing them home to the notice or knowledge of defendant, was inadmissible to prove agency. The court also erred in allowing the same witness to testify that F. M. Horton was publicly and generally known at Spirit Lake as the agent of Jennie L. Horton. Agency cannot be proved by general reputation.

Judgment reversed, and new trial ordered.