Sheffield D. Wilbur *vs.* Maria E. Wilbur, Executrix.

W. devised his homestead to his sons, C., F., and J., they to pay his debts. With the will, and dated a day or two after it, was found a writing, in form a promissory note, payable twelve years after date to his grandson, S., and signed by the testator. The only consideration for this note was the grandfather's affection for S. J. sold his interest in the homestead to F. for $200, and F.'s promise to J. to pay this note. In an action by S. against the executor of F. for the amount of the note :

*Held*, that the action could not be maintained.

The relationship between S., J., and F. was not a sufficient consideration to sustain a contract.

There was no debt due to S. which F. assumed, as the note was a gratuitous promise. No money was received by F. for S., and nothing could be regarded as creating a trust for S.

Defendant's petition for a new trial.

*Providence, February* 28, 1891. Per Curiam. The plaintiff's case, as shown by the petition, is as follows : Nathaniel S. Wilbur, who was the plaintiff's grandfather, died, leaving a will dated June 25, 1875, proved June 19, 1876, by which he gave his homestead estate, after the death of his wife, to his three sons, Charles, Fones, and John, they to pay his debts and funeral expenses. The will was produced after his death from an envelope, which likewise contained a writing, in form a promissory note, dated January 26, 1875, for $200, payable to the plaintiff or order twelve years after date. In 1875 the plaintiff was only nine years old. It is not claimed that the note was given for any consideration save the maker's affection. In 1881 John Wilbur, before mentioned, who was the plaintiff's father, sold and conveyed his in-

terest in said homestead estate to his brother Fones, the consideration therefor, according to his testimony, being the sum of $200 paid by Fones, and Fones's promise to him to pay to the plaintiff said note at maturity. Fones died July 20, 1885. The plaintiff brought this action in the Court of Common Pleas, after the note matured, against the defendant as executrix of Fones's will, for payment, claiming that the promise to his father being for his benefit, he was entitled to sue on it in his own name. The court below ruled that the action was maintainable. The primary question raised by the petition is, whether this ruling was correct.

The plaintiff contends that there are three grounds on which the action can be maintained. The *first* is, that the contract to pay the note was made by said Fones with his father for his benefit, and that in such case the action can be maintained in consideration of the relationship. Some old cases hold so, but the weight of modern authority is against them, near relationship being no longer regarded as a sufficient consideration for a contract. *Tweddle* v. *Guy*, 1 B. & S. 393; *Hall* v. *Huntoon*, 17 Vt. 244, 251; *Ross* v. *Milne & Wife*, 12 Leigh, Va. 204, 223, 224.

The *second* ground is, that the action is maintainable on the authority of *Urquhart* v. *Brayton*, 12 R. I. 169, and *Wood* v. *Moriarty*, 15 R. I. 518. In each of those cases there was a debt due to the plaintiff from a third person, which the defendant, in consideration of a conveyance or release from the debtor, assumed and agreed to pay in the debtor's stead. In the case at bar there was no debt due to the plaintiff which the defendant's testator assumed, the note being a gratuitous promise, void in law. We are not prepared to extend the authority of the cases mentioned to a case where no debt is assumed.

In the *third* place it is argued that the case may be treated as one where money was paid by the father to the defendant's testator for the son, and so received, the promise to pay having been taken, as part of the consideration for the land conveyed, in lieu of the money which otherwise would have been required. We think this would be too complete a departure from the actual fact, since no money was so paid or received, nor was the property conveyed for the purpose of being converted into money for the payment of the son. The consideration for the conveyance, so far as not paid, nor

agreed to be paid, directly to the father, was simply an executory promise or agreement to pay the note. There is nothing which can be regarded as having created a trust for the son.

*Petition granted.*

*Albert B. Crafts,* for plaintiff.

*Nathan F. Dixon, Charles Perrin, & Sheffield Greene,* for defendant.