GEORGE N. BLEXRUD v. SAMUEL KUSTER.[1]

Nov. 18, 1895.

Nos. 9716—(134).

**Execution Sale—Action by Sheriff for Amount Bid.**

On an examination of the evidence in this case, it is *held* that it was insufficient to support the verdict.

Action in the district court for Houston county. The complaint alleged in substance that plaintiff as sheriff sold under execution certain land to defendant, who was the highest bidder, for $800; that the bid was made by a son of defendant, as his agent; that plaintiff had tendered to defendant a certificate of sale of the land and demanded payment; and that defendant had refused to accept the certificate or to pay. The other facts are stated in the opinion. The jury rendered a verdict in favor of plaintiff for $818. From an order, Whytock, J., denying a motion for a new trial defendant appealed. Reversed.

*E. H. Smalley,* for appellant.

*W. R. Duxbury,* for respondent.

COLLINS, J. Although counsel for appellant (defendant) has made 29 assignments of error in this case, it is properly disposed of

[1] Reported in 64 N. W. 1140.

on the eighth,—that the court below erred in refusing to dismiss when plaintiff rested.    We have thoroughly examined the evidence covered by the motion to dismiss, and do not find a particle which would have warranted a verdict for plaintiff, and certainly there was none introduced afterwards by the defendant on which such a verdict could rest.

Giving to the testimony of the plaintiff and his witnesses the benefit of all question as to its import and weight, it simply shows that defendant, or his son, or both, were anxious to purchase the land at the execution sale, if a good title could be obtained; that, at different times while the notice of sale was being published, one or the other, and sometimes both together, had conversations relative to bidding at the sale with the plaintiff sheriff and the attorney for the judgment creditor.    The day before the sale, they went together to the attorney's office, and again spoke of it; but most of the conversation bore upon the subject of the title, and the probability of defendant's obtaining a loan of money should he conclude to bid at the sale and prove to be the successful bidder.    In none of these conversations does it appear that defendant stated that he would bid at the sale, nor did he say or intimate that his son was or would be authorized to bid in his behalf.    Nor was there anything in his acts which indicated that the son was so authorized.    There was testimony to the effect that, a day or two before the sale, defendant told the sheriff that his son would bid at the sale, but from this it cannot be inferred that the son was to bid on behalf of the father.    The inference would be that the son was intending to bid for himself.    And there was also some evidence of the son's statements, made before and after the sale, from which the inference might be drawn, possibly, that the bid actually made by the son was for the father.    It is hardly necessary to say that the bid cannot be fastened onto the father solely upon statements made by the son, even if they were clear and positive. Again, it clearly appears that, before and at the time of the sale, the sheriff expected that, if the father or the son wanted to buy the land, the bid in their behalf was to be made by the witness Ellenz, because of some local feeling, and that he did not expect either to bid in person.    The premises were struck off and sold at the execution sale to the son, Charles Kuster, he being the only bidder.    A very strong presumption arises that he was the actual purchaser,  and this pre-

·sumption ought not to be overcome and removed by any such proofs as were presented on the trial of this case.    The case should have been dismissed when plaintiff rested, and the verdict is without evidence to support it.

Order reversed, and new trial ordered.