DORR CATTLE COMPANY v. GEORGE A. JEWETT, Appellant.

**Actions:** REAL PARTY IN INTEREST: *Action by promisee of promise for third person.* While Code, section 3459, requires that every action be brought in the name of the real parties in interest, one who sells property to another on an agreement that its value shall be credited on the note of a third person, may, on failure of the purchaser to make the credit as agreed, maintain an action against the purchaser for the value of the property.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, FEBRUARY 13, 1902.

ACTION to recover the value of a team of horses alleged to have been sold by plaintiff to defendant. Judgment on verdict for plaintiff, from which defendant appeals.—*Affirmed.*

*Dowell & Parrish* for appellant.

*Thomas Stevenson* for appellee.

McCLAIN, J.—The facts, so far as necessary to present the abstract question of law which is argued in this case, are as follows: Plaintiff being the owner of the team of horses in question, its manager, John Dorr, negotiated with defendant in reference to a sale thereof to the latter, without any specific price being

agreed upon, the agreement, if any was reached, being that defendant, if he accepted the horses, would credit their full value, or the price which should subsequently be agreed to, upon a note of said Dorr, held by defendant. The evidence tends to show that defendant retained the horses, thereby electing to become their purchaser, but gave no credit therefor on Dorr's note, which was afterwards otherwise satisfied. Plaintiff's theory is that it is entitled to recover the reasonable value of the horses, while defendant contends that his obligation to pay, if any, was an obligation to Dorr, and not to plaintiff. There was some controversy in regard to whether the contract had been rescinded, but that question is not in the case as we now have it before us, for no such defense was pleaded. Nor is the evidence in regard to a subsequent agreement on the part of defendant to return the horses to Dorr material, because no such agreement was carried out, and it did not, therefore, if made, constitute an accord and satisfaction. The abstract question, then is, whether, when two persons enter into an agreement, by which on a consideration proceeding from one of them, the other agrees to confer a benefit upon a third party, which latter agreement is not performed, there is a right of action for the breach in favor of the first party to the contract, or whether, on the other hand, the sole right of action is in favor of the person to whose benefit the act to be done by the second party was to inure. It must be borne in mind·that there was no agreement on the part of Dorr that, in consideration of the indorsement on his note of the value of these horses, he became bound to in any way compensate plaintiff therefor; and there could have been no such agreement, because Dorr could not, acting in his own interest and also as manager of plaintiff, make any binding agreement in that respect between plaintiff and himself; and there is no pretense in the evidence that any such an agreement was made. It does not appear in any way how the plaintiff was to receive any consideration or advantage from the indorsement of the value of the horse on Dorr's note. See, as bearing on this

phase of the case, *Kirchman v. Coal Co.* 112 Iowa, 668; (first division of opinion). Plaintiff in this case did not agree to look to Dorr for compensation for these horses. In the next place, it is to be observed that, while Code, section 3459, requires that every action be brought in the name of the real party in interest, and that under this provision it has been held that the party for whose benefit a contract has been made may sue for breach thereof, there is no statutory provision which deprives the person to whom, on a consideration proceeding from himself, a promise is made to pay or deliver property to a third person, presumably for the ultimate benefit or advantage also of the party furnishing the consideration, of a right to maintain an action in his own name for damage resulting to him for breach of the contract by the other party. The proposition seems too simple to require argument or authority that plaintiff, having parted with its property in consideration of a promise by defendant which he has never performed, may recover the damages which it has suffered. Certainly, if defendant had made the indorsement, as agreed, upon Dorr's note, and Dorr had accepted the benefit of this indorsement, the latter would have been bound to make compensation to plaintiff for the advantage which he received from this indorsement. This advantage plaintiff cannot now realize, because no such indorsement was ever made, and plaintiff has, therefore, been damaged certainly to the extent to which, in case the indorsement had been made, it would have been entitled to demand compensation from Dorr. This was a legal result of defendant's breach of contract, and plaintiff is therefore entitled to recover. Our conclusion is in harmony with, and is strongly supported by, the reasoning of this court in *Messenger v. Votaw,* 75 Iowa, 225. The case was tried in the lower court in harmony with the views above announced, and, if these views are sound, no error was committed.—Affirmed.