## JOHN CLARK and Another v. P. M. HENNESSEY CONSTRUCTION COMPANY.[1]

July 18, 1913.

Nos. 18,171—(188).

**Action upon contract by stranger.**

To authorize a stranger to a contract to sue thereon, it must appear that the promisor undertook to perform some duty or obligation due from the promisee to such stranger, and that the contract was made for the benefit of such stranger. *Held*, that the contract in question does not impose upon respondents any obligation for the benefit of appellant; also that it does not appear that it has not been performed in accordance with its terms.

Action in the district court for Ramsey county to recover $7,500. The facts are stated in the opinion. From an order sustaining plaintiff's demurrer to a portion of the answer, defendant appealed. Affirmed.

*Albert Schaller* and *Otto Kueffner,* for appellant.

*Harry Weiss,* for respondent.

[1] Reported in 142 N. W. 873.

Note. — As to the right of action on contract made for benefit of stranger, see notes in 25 L.R.A. 257 and 2 L.R.A.(N.S.) 783.

TAYLOR, C.

The complaint alleges that appellant promised to pay respondents $7,500 for entering into a contract with the diocese of St. Paul to furnish granite for the new cathedral. The answer denies the making of any such promise, and, as a counterclaim, alleges that appellant contracted with the diocese to construct "the ·exterior and interior walls and piers" of the cathedral, excepting the dome and the corner towers thereof; that the diocese agreed to furnish upon the site, cut and ready for use, Bedford limestone for the outer walls; that thereafter the diocese, desiring to erect the building of granite instead of limestone, made the contract with respondents, attached to the answer, to furnish the granite therefor; that appellant consented to the making of such contract and the substitution of granite for limestone; and that respondents failed to deliver such granite "at the proper time and in the proper quantities" and at the proper places, to appellant's damage in the sum of $12,000. The appeal is from an order sustaining a demurrer to this counterclaim.

The contract for furnishing the granite is between respondents as parties of the first part and the diocese as party of the second part. Appellant is not a party thereto. It provides that the first party shall furnish "at and upon the site" for the new cathedral all the granite "required for the exterior walls, including dome and towers" thereof, according to the plans and specifications of the architect.

"At the times and in the quantities directed and required by said architect, and so as to permit of the prompt performance of that certain contract for the erection of the walls of said buildings, made and entered into between the said diocese of St. Paul and P. M. Hennessey Construction Company, of St. Paul, Minn., and so as to permit the prompt performance of such other contracts hereafter to be made by the diocese of St. Paul for the erection and construction of the dome and towers of said building. But it is understood and agreed that said second party through its said architect, shall have the right to direct the time when, and the quantities in which said stone shall be furnished, upon giving to the parties of the first part, thirty (30) days written notice of such quantity, and the time of such delivery, and that such order concerning the delivery of said

stone shall continue during the duration of this contract, and that said second party shall have the right, during the continuance of this contract, at any time and of its own motion, to suspend the delivery of said stone or any part thereof, for such period or periods as it may see fit. * * * The work to be done under this contract shall be done under the direction of said architect. * * * It is further understood and agreed that thirty (30) days shall be allowed after the receipt by the parties of the first part of drawings and complete instructions [for] the delivery of any section of the work required. Said parties of the first part agree to deliver said stone in the manner and form as aforesaid, and in the quantities called for and required by said second party. And said second party shall always have the right to determine the quantity of stone which it shall require to be delivered."

To authorize a stranger to a contract to sue thereon, it must appear that the promisor assumed and undertook to perform for the promisee some duty or obligation due from the promisee to such stranger· and thereby relieve the promisee therefrom. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L.R.A. 257, 39 Am. St. 618; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492; Wood v. Johnson, 117 Minn. 267, 135 N. W. 746. It must have been made directly and primarily for that purpose. If "made primarily in the interest and for the benefit of the parties" to the contract, it does not give a right of action to a stranger thereto, although its performance may result in an accidental benefit to him. Greenwood v. Sheldon, 31 Minn. 254, 17 N. W. 478.

The contract in question was "made primarily in the interest and for the benefit of the parties" thereto. The diocese did not attempt to impose upon respondents any duty or obligation toward appellant. It reserved to itself the full and exclusive power to control and regulate the performance of the contract, and to suspend deliveries thereunder at its pleasure. The duties and obligations of respondents to the diocese are wholly inconsistent with any such duty toward appellant as appellant seeks to enforce.

Furthermore, for aught that appears, respondents may have per-

formed their contract in strict accordance with its terms and exactly as the diocese directed.

Order affirmed.