## Roebuck v. Brown, et al.

(Decided February 23, 1923.)

### Appeal from Campbell Circuit Court.

Forcible Entry and Detainer—Appeal—Moot Question.—In a forcible detainer proceeding which was originally instituted in a justice's court and traversed by the defendant to the circuit court where a trial was had again finding the defendant guilty of forcible detainer and ousting him from possession, from which judgment he appealed to this court without superseding the judgment, the possession of the property alone being in question, there remained but a moot question which entitled the appellee to a dismissal of the appeal upon proper application.

JOHN T. HODGE and JOHN S. ROEBUCK for appellant.

LOUIS REUSCHER and WILLIAM Y. WARREN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This is a forcible detainer proceeding. Appellant Roebuck was the tenant and Brown the landlord. The case was tried out by a justice of the peace in Newport, who found the appellant Roebuck guilty of forcible detainer, and entered a judgment accordingly. Roebuck traversed the inquisition to the circuit court. There the law and facts were submitted to the court and the circuit

court found appellant Roebuck guilty of the forcible detainer of which complaint was made and entered a judgment accordingly. Roebuck filed motion and grounds for a new trial but this motion was not acted upon by the court. The judgment was not superseded by Roebuck and the court issued a writ of restitution. This writ was executed by the sheriff by ousting Roebuck and putting the heirs of Brown, then deceased, in possession of the house and premises. Later this appeal was filed here by Roebuck. The appellees moved to dismiss the appeal because it only presented a moot question. In a proceeding of this sort the naked possession alone is in question. The tenant Roebuck had been ousted and the owners of the property were in possession. Both appellant and appellee filed briefs upon the motion to dismiss the appeal but filed no briefs upon the merits of the appeal. There was no pleading except the writ of forcible detainer. No set-off, counterclaim or cross petition was offered or interposed. There was, therefore, nothing to litigate except the bare possession of the house and lot. Admittedly Brown, and later his heirs, are the owners. Appellant Roebuck does not claim the property. He only claimed the possession. There is nothing to litigate. 26 C. J., p. 841; 11 R. C. L., p. 1176; 19 Cyc. 11, 1160.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.