NICK WITZMAN v. ISRAEL SJOBERG AND ANOTHER.[1]

October 9, 1925.

No. 24,760.

Evidence insufficient to prove agency.
1. Facts, as stated in the opinion, are insufficient to establish the relation of principal and agent.

When stranger to contract can sue on it.
2. A stranger to a contract cannot sue thereon in the absence of some duty or obligation due him from the promisee and when the contract is primarily for the benefit of the parties to it.

Elevator had no right of action on contract between miller and defendants.
3. Upon the facts stated in the opinion there was no privity of contract between plaintiff (or his assignor) and defendants.

1. See Agency, 2 C. J. pp. 433, § 26; 954, § 727.
2. See Contracts, 13 C. J. p. 701, § 805.
3. See Contracts, 13 C. J. p. 702, § 805.

---

2. See notes in 25 L. R. A. 257; 2 L. R. A. (N. S.) 783; 6 R. C. L. 884; 2 R. C. L. Supp. 236; 4 R. C. L. Supp. 449; 5 R. C. L. Supp. 375.

[1]Reported in 205 N. W. 257.

Action transferred to the district court for Roseau county to recover the price of certain wheat. The case was tried .before Watts, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Robert J. Knutson, Halvor Steenerson, Theodore F. Neils* and *John Lind*, for appellants.

*W. E. Rowe*, for respondent.

WILSON, C. J.

Sjoberg Bros. owned a mill at Badger. They sold it on contract to Ben Lieberg. He operated it. He was in need of money. Sjoberg Bros. orally agreed with him that he should buy wheat from the local elevator, herein referred to as the company, and pay for the same by giving his checks on the Roseau County National Bank, which they operated, with notations on such checks showing amount of wheat and price per bushel and that they would take all the flour made and would pay such checks as presented to the bank. Lieberg bought wheat and made flour which Sjoberg Bros. received. The company sold wheat to Lieberg for $583.50, which was not paid. The account was assigned to plaintiff. This action is to recover the amount, with interest, evidenced by two checks drawn by Lieberg on the Roseau County National Bank in favor of the company. Lieberg did not answer. Sjoberg Bros. did, and denied liability, claiming that they had paid Lieberg for the flour, but a verdict was returned against them for $651.61. They have appealed from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial.

It has been suggested that the conversation constituting the contract made Lieberg the agent of appellant. Agency arises where the principal authorizes the agent to make engagements in the name of the principal. Dun. Dig. § 141. Agency depends upon the will of the principal, either expressed or implied from the particular circumstances. Graves v. Horton, 38 Minn. 66, 35 N. W. 568; Blexrud v. Kuster, 62 Minn. 455, 64 N. W. 1140. Lieberg never

assumed to act as such agent nor was he recognized by the company as the agent of appellants. The facts are insufficient to establish the relation of principal and agent.

Respondent attempts to sustain the verdict in this case upon the authority of First Nat. Bank v. Rogers-Amundson- Flynn Co. 151 Minn. 243, 186 N. W. 575, which holds that if one to whom goods are consigned for sale receives the consignment with notice that the consignor has made a draft on him on the credit of the goods, he is bound to accept the draft—that is, that he may not take and retain the consignment with such notice and repudiate the draft. But in the case under consideration appellants had no notice, when they received the flour, that the company had any claim and certainly not such a claim as was involved in the case cited where plaintiff had advanced the money to buy the very cattle which the consignee took with full knowledge. In fact it does not appear that they had any flour on hand when they learned of this claim. They operated three stores in which they sold flour and they paid for the flour by sending checks to the bank to be deposited to the account of Lieberg. They made a final settlement with him on May 6, 1922, and then had no knowledge of the two outstanding checks which he had given the company. The record does not show that the company knew of the agreement between appellants and Lieberg. It was not a party to that agreement. It has not shown itself entitled to any benefits therefrom. Appellants have not done anything to create their liability to it. The company was a stranger to this contract and cannot maintain an action upon it. The facts do not bring it within the doctrine of Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. 618, and Clark v. Clark, supra, page 201. Appellants did not undertake to perform any duty or obligation due from Lieberg to the company. This contract was made primarily in the interest and for the benefit of the parties to the contract. Clark v. P. M. Hennessey Const. Co. 122 Minn. 476, 142 N. W. 873. There is no privity of contract between the company and appellants. Plaintiff stands in the place of the company.

Reversed with direction to enter judgment for defendants notwithstanding the verdict.