## Baker v. Oliver.

(Decided April 26, 1927.)

## Appeal from Fayette Circuit Court.

1. Landlord and Tenant.—Where only claim of occupant of property was based on contract whereby owner permitted her to remain and care for his mother at specified rate during her lifetime, occupant, after death of mother, was merely tenant at will, not entitled to retain possession as against owner.

2. Husband and Wife.—Where contract by which occupant claimed possession of premises was made in her name without husband's joining, warrant of forcible detainer was properly taken out against wife under Ky. Stats., section 2128, permitting married woman to sue and be sued as if single.

J. A. EDGE for appellant.

ALLEN, BOTTS & DUNCAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Porter Oliver owned a house and lot in Lexington in which he and his wife lived. In the fall of 1919 Nannie Baker and her husband George T. Baker, who were relatives, went to live with them as they were getting old and infirm. In January, 1920, Porter Oliver and his wife conveyed the property to his son Henry Oliver. In May, 1920, Porter Oliver died. The Bakers continued to live there with Mrs. Oliver until her death in June, 1925. After her death Mrs. Baker declined to give possession of the property to Henry Oliver, and he took out a warrant of forcible detainer against her. On the hearing of the case in the magistrate's court, there was a judgment in favor of the plaintiff. Mrs. Baker appealed to the circuit court.

On the trial in the circuit court at the conclusion of all the evidence the circuit court instructed the jury per-

emptorily to find for the plaintiff, and, judgment having been entered in his favor, Mrs. Baker appeals.

Henry Oliver and his brother William Oliver each testified on the trial that, after the burial of their father, Henry Oliver told Mrs. Baker that he had to make an arrangement with some one to look after his mother and take care of her and that she was related to his mother and had been there for some time and had gotten along congenially; that he would be glad for her to stay. He asked her to think over it, saying that he would come back in the morning and make some agreement. When he returned in the morning, an agreement was reached between them by which she agreed to stay there and take care of his mother as long as she lived and they could get along congenially, and he would pay her $10.00 a month and let her occupy the house. When they had reached this agreement, her husband and William Oliver were called in and the terms of the agreement were stated to them. He also showed that from that time on he paid her regularly $10.00 a month as long as his mother lived, paid the taxes on the property and for repairs and other expenses. He produced letters from her and her husband sending him these bills for payment.

On her direct examination, Mrs. Baker did not deny the transaction testified to by Henry Oliver and William G. Oliver at the death of the father, but, on her cross examination, she said this occurred:

"A. He told me after his father died he was going to sell it, but he had told me that he wanted me to stay with his mother; that he did not think that he could get anybody to do as I would do, and as I had done by his mother, and he wanted me to still continue the same way, and I had already been with them, and wanted me to stay with her until she died, and that was the whole agreement. Q. And that was the whole agreement, and he was to pay you $10 a month? A. He paid me $10 a month. Q. And he did pay you $10 a month after that time? A. Yes, sir. Q. Who paid the taxes on the property? A. He paid the taxes of course; he had to keep it up. Q. Who paid for the repairs on the property? He did. Q. You always sent him the bills? A. Yes, sir."

This is a substantial admission of the facts stated by Henry Oliver, and shows that Mrs. Baker remained in

the house, taking care of Mrs. Oliver under an agreement with Henry Oliver, and her right to remain there ceased at the death of the mother. Mrs. Baker stated no facts showing any right in her to the property or any claim to it, except under the arrangement above stated. Mrs. Baker held under a contract with Henry Oliver, the owner of the premises, so long as his mother lived and they got along congenially. On the death of the mother, she became his tenant at will when he allowed her to remain there until August, 1925. 35 C. J. p. 957. The court therefore properly instructed the jury to find for the plaintiff.

The husband, George T. Baker, was not a party to the contract. The contract was made with the wife, Nannie Baker, and by section 2128, Ky. Stats., a married woman may sue and be sued as a single woman. The warrant was properly taken out against Nannie Baker.

Judgment affirmed.