## Baker v. Fuller, Sheriff et al.

(Decided October 12, 1928.)

J. A. EDGE for appellant.

ALLEN, BOTTS & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

Porter Oliver owned a house and lot in Lexington, Ky., the house being occupied by him and his wife. In October, 1919, appellant, George T. Baker, and his wife, Nannie Baker, moved into the house and lived there until this litigation arose. In January, 1920, Porter Oliver conveyed the property in question to his son, the appellee Henry Oliver. Porter Oliver died in May, 1920, and his wife died in 1925. After her death, the appellee Henry Oliver instituted a forcible detainer proceeding against Nannie Baker, wife of appellant. She was found guilty in a trial before a justice of the peace, and she filed a traverse and gave bond, and upon a trial in the circuit court she was again found guilty of forcible detainer, and a writ of restitution was issued directing the sheriff to place the owner, Henry Oliver, in possession of the property.

2

Before this writ was executed and on June 15, 1926, the appellant filed a petition in the Fayette circuit court, in which he alleged, in substance, that Porter Oliver placed him in possession of the premises in question in October, 1919, under a verbal agreement that appellant should support Oliver and his wife until their respective deaths in consideration of the property; that he had been in possession of the property under this agreement since 1919, and that he had a lien upon the property for the value of his services in caring for Porter until his death, and his widow until her death, which was alleged to be the sum of $4,000; and that he was not a party to the proceedings in which his wife had been adjudged guilty of forcible detainer. In the prayer of the petition he merely asked for an injunction against the enforcement of the writ of restitution.

The appellee Henry Oliver was permitted to intervene and was made a party defendant. The appellant filed an amended petition, in which he set out at greater length his alleged cause of action, but in the prayer he asked for the same relief prayed for in his original petition. A temporary restraining order was issued on June 16, 1926, and the plaintiff was given until June 21, 1926, to apply for a temporary injunction. No motion for a temporary injunction was made, and on June 21, 1926, the restraining order theretofore issued was dissolved.

On the same day Nannie Baker, wife of appellant, executed a supersedeas bond superseding the judgment in the forcible detainer proceeding against her, and under which judgment the writ of restitution had been issued, the enforcement of which appellant was seeking to have enjoined. Nannie Baker prosecuted an appeal to this court from the judgment of the Fayette circuit court adjudging her guilty of forcible detainer, and the judgment was affirmed on April 26, 1927. Baker v. Oliver, 219 Ky. 537, 293 S. W. 1070. Thereafter the appellee Henry Oliver was placed in possession of the property in question.

Appellees have filed a motion to dismiss the appeal of the appellant, George T. Baker, upon the ground that the question now presented to the court by the present appeal has become a moot question, and that motion has been passed to the merits.

It appears that appellant has been out of possession of the property since June 22, 1927. Appellant, in his petition as amended, alleged that he was in possession of

the property under a parol agreement with Porter Oliver that he should have the property in consideration of providing for and supporting Oliver and his wife until their respective deaths; that he had fulfilled his part of the agreement; and that if the agreement was unenforceable he was entitled to a lien upon the property for the value of his services. In the prayer of the petition he does not seek a judgment against any one, but merely asks for an injunction to enjoin the sheriff from executing the writ of restitution by placing the appellee Henry Oliver in possession of the property. Retention of possession of the property is the only relief sought. He does not seek to have the deed to Henry Oliver canceled, nor does he assert or seek to enforce any claim against the estate of Porter Oliver or against appellee Henry Oliver or against the heirs of Porter Oliver. He does not allege any facts showing that he is the owner of the property in question or that he is entitled to have the legal title conveyed to him. At the time this appeal was taken, there was nothing in issue except the possession of the house and lot; as it is conceded that appellant is now out of possession and that appellee Henry Oliver is in possession of the property, this appeal now only presents a moot question. Roebuck v. Brown, 198 Ky. 11, 248 S. W. 171.

Wherefore the motion to dismiss the appeal is sustained.

Appeal dismissed.