IN RE ESTATE OF JOSEPH WALKER.

OTTO NEPRAS et al., Appellants, v. WILLIAM WALKER, Administrator c. t. a., Appellee.

No. 46526.

JULY 28, 1944.

E. A. Fordyce, of Cedar Rapids, for appellants.

Charles J. Haas, of Marion, and M. W. O'Reiley, of Cedar Rapids, for appellee.

MILLER, J.—Joseph Walker, a widower, aged eighty-four years, died testate January 8, 1942. The will was promptly admitted to probate. By its terms the entire estate was given to testator's son William, who was appointed and qualified as administrator c. t. a. On February 20, 1942, claimants, Otto Nepras and Erma Mundel, filed a claim against the estate for $1,500, asserting that they are the sole and only children of Jaromira Horacek Walker, deceased wife of testator, and that

said sum with interest constituted the unpaid balance due under a written antenuptial agreement entered into between their mother and testator on June 12, 1930.

In consideration of the subsequent marriage of the parties, the antenuptial agreement provided as follows:

"First: The said Joseph C. Walker agrees to pay to the said Jaromira Horacek in full of all rights in his estate the following sums of money, to-wit: Fifteen hundred dollars on or before the marriage between the said Joseph C. Walker and Jaromira Horacek.

"Second: In the event that the said Joseph C. Walker should die before said Jaromira Horacek then in said event the said Jaromira Horacek shall receive an additional sum of fifteen hundred dollars, the said sum so paid to be in full of all her right, title and interest in and to the property of the said Joseph C. Walker, this to include her dower interest, distributive share, allowance to widow for her support and her right of homestead in the property of said Joseph C. Walker. The claim of the said Jaromira Horacek for the fifteen hundred dollars to be paid after the death of said Joseph C. Walker shall be a preferred claim against his estate and shall have preference over all other debts of said Joseph C. Walker. In case the said Jaromira Horacek should die before the said Joseph C. Walker, then the said sum of $1500.00 shall be paid to her children."

The administrator moved to dismiss the claim for the following reasons:

"It appears affirmatively on the face of the contract alleged, a copy of which is attached to said claim, that it was made solely for the benefit of the contracting parties, and that its primary purpose was to subserve their interests, and such interest as the claimants had therein was merely incidental, and that they had not any interest in the performance of the contract other than that its performance might result in incidental benefit to them; and it does not appear that the claimants had the exclusive interest in the performance of the contract, or that it was made for their benefit, and neither does it appear that there was any legal obligation to them from the said Jaromira Horacek, the promisee, outside of the contract, which would give them a legal

or equitable right to claim the benefit of Walker's promise from Jaromira personally, and therefore the claimants are not entitled to maintain this action against the administrator."

The motion to dismiss the claim was sustained and judgment was entered dismissing said claim. Claimants promptly perfected an appeal to this court.

Claimants rely upon that part of the antenuptial agreement which provides:

"In case the said Jaromira Horacek should die before the said Joseph C. Walker, then the said sum of $1500.00 shall be paid to her children."

They contend that the same constitutes a promise made for their benefit; that they are "donee beneficiaries" under the antenuptial contract and are entitled to sue thereon; that their relationship as children of one of the actual parties to the contract, the party that furnished the consideration for the promise that was made for their benefit, places them "within the consideration of the marriage" and entitled them to enforce the covenant made for their benefit. On the other hand, the administrator contends, and the trial court apparently held, that one who is promised a mere gift cannot maintain an action to enforce the promise; for one to enforce a contract, made by other parties for his benefit, he must be a party to the consideration; he must have the exclusive interest in the performance; there must be some privity between him and the promisor; there must be some duty from the promisee which gives him a legal or equitable claim to the benefit of the promise from the promisee personally; it is not enough that the benefits to claimant are merely incidental, in the nature of a mere gratuity; moral consideration is not sufficient to support a contract such as that before us. We are of the opinion and hold that there is merit in the contentions of claimants and that the court erred in dismissing their claim.

It is, of course, well settled that one cannot enforce a mere promise to make a gift. Many cases could be cited on this proposition. Illustrative are Casady v. Casady, 184 Iowa 1241, 1248, 169 N. W. 683; Meginnes v. McChesney, 179 Iowa 563, 574, 160 N. W. 50, L. R. A. 1917E, 1060; Simpson Centenary

College v. Tuttle, 71 Iowa 596, 33 N. W. 74. It is essential to claimants' right to recover herein that the promise, made for their benefit, be supported by a legal consideration. Otherwise, it is unenforceable.

We have held repeatedly that an antenuptial contract is supported by a legal consideration, the subsequent marriage of the parties, which makes it enforceable by one of the contracting parties as against the other. Wright v. Wright, 114 Iowa 748, 87 N. W. 709, 55 L. R. A. 261; In re Estate of Shepherd, 220 Iowa 12, 19, 261 N. W. 35, and cases cited therein. There is no dispute herein as to that rule of law. The dispute arises over the question whether the consideration, which supports the contract as far as Jaromira Horacek Walker is concerned, is available to and adequate for the claimants herein so as to render the written promise, by which they seek to benefit, enforceable against the estate of Joseph Walker. The court held that it was not. The court erred in so holding.

The administrator relies upon the following statement in 13 C. J. 709, section 817 [17 C. J. S. 1125, section 519, 2(a)]:

"In many of the cases the doctrine is stated broadly that a person may maintain an action on a promise made for his benefit, although not a party to the contract; but this statement of the doctrine is too broad. By the weight of authority the action cannot be maintained merely because the third person will be incidentally benefited by performance of the contract; he must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance * * *."

The foregoing statement was quoted by us with approval in Casey v. Jesup Creamery Co., 224 Iowa 1094, 1096, 278 N. W. 214, 215, wherein we expressly held:

"We are well aware that contracts made between two parties for the benefit of a third are enforceable by the latter under certain conditions. Among these conditions is one which appellant has failed to meet in the cause before us, to wit, *that the contract was made for his express benefit.* That he might incidentally benefit by the contract between Sogard and his employer and the insurance carrier is not determinative of

the question at all. As we read the contract it was made solely for the benefit of Sogard and no one else, except in so far as it adjusted the obligations existing between the creamery company and the insurance company.'' (Italics supplied.)

The administrator also relies upon our pronouncement in German State Bank v. Northwestern Water & Light Co., 104 Iowa 717, 722, 74 N. W. 685, 686, wherein we stated:

''It is true that if a person, upon lawful consideration, received from another, promise to pay money to a third person, the latter may, under ordinary circumstances, maintain an action upon the promise, as made for his benefit. But it does not follow that, if two persons agree that one of them shall pay to a third a debt owing by a fourth, the latter would have any right under such an agreement; and that is the case we have here.''

At page 721 of 104 Iowa, page 686 of 74 N. W., we held:

''It is said that the agreement between Winchell and Rogers was made for appellant's benefit, and therefore it can take advantage of it. We think Winchell's promise to pay the debts of the water and light company was made for Rogers' benefit, and not for that of appellant or any other person. It was nothing more than an agreement to protect the stocks sold, in Rogers' hands.''

The administrator also relies upon the case of Chicago, R. I. & P. Ry. Co. v. City of Ottumwa, 112 Iowa 300, 313, 314, 83 N. W. 1074, 1079, 51 L. R. A. 763, wherein we stated:

''The Rock Island Company was simply a lessee of the property of the Keokuk & Des Moines Railroad, yet a personal judgment was entered against it, and it was the only party notified of the assessment. By the terms of its lease the Rock Island Company agreed to pay all taxes and assessments of value made on the property, and because of this it was held personally liable to the contractor for the assessment. This holding is complained of. Is the promise made in the lease such an one as the city or the contractors may enforce? That interrogatory seems to be answered in the negative by German State Bank v. Northwestern Water & Light Co., 104 Iowa 717; Davis

v. Waterworks Co., 54 Iowa 59; and Messenger v. Votaw, 75 Iowa 225. At the time the promise was made there was no indebtedness from the Des Moines Company, to any one. The contract was solely for the benefit of the Des Moines Company, and there was no privity between the city or the contractor and the Rock Island Company. As said in the German State Bank Case, 'The principle that one may sue upon a promise made to another for his benefit is, therefore, confined to cases where the person for whose benefit the promise is made has the sole exclusive interest in its performance.' Had the assessment been lawful, the court was not authorized to render judgment against the Rock Island Company.''

The administrator also relies upon the case of Davis v. Clinton Water Works Co., 54 Iowa 59, 60, 61, 6 N. W. 126, 127, 37 Am. Rep. 185, wherein we stated:

''It is a rule of law, familiar to the profession, that a privity of contract must exist between the parties to an action upon a contract. One whom the law regards as a stranger to the contract cannot maintain an action thereon. The rule is founded upon the plainest reasons. The contracting parties control all interests, and are entitled to all rights secured by the contract. If mere strangers may enforce the contract by actions, on the ground of benefits flowing therefrom to them, there would be no certain limit to the number and character of actions which would be brought thereon. Exceptions to this rule exist, which must not be regarded as abrogating the rule itself. Thus, if one under a contract receives goods or property to which another, not a party to the contract, is entitled, he may maintain an action therefor. So the sole beneficiary of a contract may maintain an action to recover property or money to which he is entitled thereunder. In these cases, the law implies a promise on the part of the one holding the money or property to account therefor to the beneficiary.''

The administrator also relies upon the case of Messenger v. Votaw, 75 Iowa 225, 227, 39 N. W. 280, 281, wherein we stated:

''It is well settled that where one person makes a promise to another for the benefit of a third, the party to be benefited

may maintain an action on the promise. McHose v. Dutton, 55 Iowa, 730; Lawrence v. Fox, 20 N. Y. 268. 'But it is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration.' Simson v. Brown, 68 N. Y. 361; Garnsey v. Rogers, 47 N. Y. 240. To enable a third party to sue upon such a contract, it must have been made for his benefit; and if its primary object was to subserve the interests of one or both of the parties to the contract, they alone can maintain an action thereon for its breach.''

Other cases decided by this court and numerous cases from other jurisdictions which have made similar pronouncements are also relied upon by the administrator herein. They include Boston Ins. Co. v. Chicago, R. I. & P. Ry. Co., 118 Iowa 423, 92 N. W. 88, 59 L. R. A. 796; Bird v. Jacobus, 113 Iowa 194, 84 N. W. 1062; Meginnes v. McChesney, supra, 179 Iowa 563, 574, 160 N. W. 50, L. R. A. 1917E, 1060; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A., N. S., 492; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. Rep. 618; Clark v. P. M. Hennessey Constr. Co., 122 Minn. 476, 142 N. W. 873; Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Fulford v. Cleveland, 55 S. D. 509, 226 N. W. 739; Frerking v. Thomas, 64 Neb. 193, 89 N. W. 1005; Wilbur v. Wilbur, 17 R. I. 295, 21 A. 497; Rowe v. Moon, 115 Wis. 566, 92 N. W. 263; West v. Norcross, 190 Ark. 667, 80 S. W. 2d 67; Washburn v. Interstate Investment Co., 26 Or. 436, 36 P. 533, 38 P. 620; Kelly v. Richards, 95 Utah 560, 83 P. 2d 731, 129 A. L. R. 164; Ball v. Cecil, 285 Ky. 438, 148 S. W. 2d 273; Waxelbaum v. Waxelbaum, 54 Ga. App. 823, 189 S. E. 283.

The difficulty with the argument of the administrator herein is that too much reliance is placed upon what has been said in the foregoing quotations and citations, without giving adequate consideration to what was actually decided. For example, in the quotation from 13 C. J. 709, section 817, it is stated that one must be a party to the consideration *or* the contract must be entered into for his benefit. The clear implication is that, if the contract is *expressly* made for his benefit, he need not be a party to the consideration. This court has so held re-

peatedly. In re Estate of Youngerman, 136 Iowa 488, 496, 114 N. W. 7, 15 Ann. Cas. 245, and cases cited therein.

In most of the cases quoted from by counsel for the administrator, what this court actually decided was that the contract was not in fact made expressly for the benefit of the one who sought to enforce it. The language relied upon here was merely incidental to making such a decision on the intention of the parties. Such was the situation in Casey v. Jesup Creamery Co., supra, German State Bank v. Northwestern Water & Light Co., supra, Chicago, R. I. & P. Ry. Co. v. Ottumwa, supra, Davis v. Clinton Water Works Co., supra, and Messenger v. Votaw, supra. The other authorities cited by the administrator herein are likewise weakened when we give adequate consideration to what each case actually decided.

Counsel concede, what even a superficial examination of the authorities demonstrates, that there is a definite conflict of decision on the question now before us. However, we are satisfied that the decisions of this court are consistent in this. Where a contract is supported by a legal consideration and is *expressly* made for the benefit of a third party, that third party may sue thereon. To illustrate, in Meyer v. Stortenbecker, 184 Iowa 441, 450, 165 N. W. 456, 458, we stated:

"We have held repeatedly, also, that a contract between two persons for the benefit of a third person is valid as to such beneficiary and enforcible by him; and this is especially so where the benefit is not burdened with onerous conditions, to be performed by the beneficiary. [Citing cases.] * * * When the mother entered into the contract with her son Fritz, she had a right to stipulate for the payment of a specified consideration to herself. She had an equal right to stipulate for the payment thereof to someone else. When the son Fritz bound himself to pay these sums to other parties, he became bound thereby to such other parties."

Other cases which support the foregoing pronouncement include O'Brien v. Biegger, 233 Iowa 1179, 11 N. W. 2d 412, 421; Hunt, Hill & Betts v. Moore, 213 Iowa 1323, 1331, 239 N. W. 112; Durband v. Nicholson, 205 Iowa 1264, 1268, 216 N. W. 278, 219 N. W. 318; Globe Nat. F. Ins. Co. v. American Bond & Cas. Co., 198 Iowa 1072, 195 N. W. 728, 200 N. W.

737, 35 A. L. R. 1341: Weiser v. Ross, 150 Iowa 353, 361, 130 N. W. 387. Other authorities might be cited, but they would hardly seem to be necessary.

Here the antenuptial contract was supported by a legal consideration. It was reduced to writing. Its terms are not in dispute. Stripped of verbiage, they amount to this: Jaromira agreed to marry Joseph and to renounce all interest in his property except that he was to pay her $3,000. Of this sum, $1,500 was to be paid at the time of the marriage. The second $1,500 was made payable in one of two ways. If Jaromira survived Joseph, she was to receive $1,500, and that sum only, from his estate. If Joseph survived Jaromira, he was to pay the $1,500 to her children. This provision that the $1,500 was to be so paid to her children was *expressly* made for their benefit. She had a right to stipulate that said sum should be so paid. We have said that such a provision is enforceable. We adhere to such pronouncement now.

Suppose that the payment of the second sum of $1,500 herein had been guaranteed through the purchase by Joseph of a policy of paid-up life insurance for $1,500, with the provision that, if Jaromira survived him, the proceeds should be paid to her, and with a provision for contingent beneficiaries that, if she did not survive Joseph, the proceeds of the policy should be paid to her children. Can there be any doubt that, in such contingency, the children of Jaromira could sue on the policy and collect the proceeds from the insurance company? The premium paid by Joseph would constitute the consideration for the contract. The contract being made expressly for the benefit of Jaromira's children, they could enforce it.

The situation is little different herein. Jaromira's marriage to Joseph and her agreement to limit her interest in his property to the terms of the contract constituted abundant consideration for Joseph's promises to her. His promise that, if he survived her, he would pay the second $1,500 due under the contract to her children was made expressly and specifically for their benefit. They have a right of action to enforce that promise. The able trial court erred in holding otherwise.

The judgment is—Reversed.

All JUSTICES concur.