## Winterberg v. Brotherhood of Locomotive Firemen and Enginemen.

(Decided May 21, 1912.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Insurance—Fraternal Insurance—Construction of Policy—Constitution of Society.—A policy of insurance, issued by a fraternal order to one of its members, does not, by its terms, authorize the beneficiary to recover for any injury he might sustain, but contains a reference to the constitution of the Order, in force at the time of a casualty which might arise and be the basis of a claim against it, for a determination of the contingency upon which benefits would be paid. The beneficiary under such policy having sustained an injury, must, in order to recover, allege and prove that his injury comes within the contingency provided for in the constitution of the Order, in force at the time of his injury; and, being charged with knowledge of the constitution he cannot rely, for recovery, upon the contingency provided for in representations, in conflict with the constitution of the order, made to him by agents of the order.

A. E. STRICKLETT for appellant.

JACKSON & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Ignace F. Winterberg brought suit against the Brotherhood of Locomotive Firemen and Enginemen, in which he sought to recover certain benefits under a policy of insurance, which had been issued to him by said

order in 1903, at which time he was a member of Old
Kentucky Lodge No. 584, a branch or subordinate lodge
of the Brotherhood of Locomotive Firemen and Engine-
men. He alleged that in April, 1905, he sustained physi-
cal injuries, whereby the sight of one of his eyes was de-
stroyed; that in due time he furnished proof of his in-
juries to the defendant who rejected his claim. The
policy of insurance was filed with and made part of the
petition. Among other things, it provides as follows:

"That Ignace F. Winterberg, who is a member of
Old Kentucky Lodge No. 584, of said Brotherhood, lo-
cated in the city of Ludlow, State of Kentucky, is entitled
to all the rights, privileges and benefits of membership
in said Brotherhood of Locomotive Firemen and
Enginemen, and that in the event of his becoming af-
flicted or sustaining one or more of the physical injuries,
or bodily ailments for which payment is provided in the
constitution of said Brotherhood in force and effect at
the time a liability against said Brotherhood may arise
for such physical injury or bodily ailment, and having
furnished said Brotherhood such proof of such physical
injury or bodily ailment, as may be required by the con-
stitution, rules or regulations of said Brotherhood, he
shall be entitled to participate in the beneficiary fund of
the said brotherhood to the extent of fifteen hundred
dollars, etc."

A copy of the constitution was not filed with the pe-
tition, nor was it alleged that the injury for which a
benefit was sought, was one of those specified in the
constitution, for which a benefit would be allowed, but,
it was pleaded that the agents and representatives of the
defendant, at the time the certificate of membership
was applied for, represented to plaintiff that the pro-
visions of the benefit certificate embraced and included
any impairment of, or loss of sight of, or blindness in
one or both eyes; and that he relied upon said statements
and representations in accepting said policy. A de-
murrer was sustained to this petition, the plaintiff de-
clined to plead further, and the suit was dismissed. The
plaintiff appeals.

Appellant was a member of the Order, and, as such,
was charged with knowledge of its rules and regulation
as expressed in its constitution and by-laws. He will
not be heard to say that he relied upon representations
made to him by agents of the Order which, he must have

known, were in direct conflict with and open violation of its constitution and by-laws.

It will be noticed that the policy does not authorize a member to participate in the benefit fund, for any injury or bodily ailment that he may sustain, or be afflicted with, but only such as are authorized by the constitution, at the time the right to participate in the benefit fund is asserted. The policy further provides that it is issued with the express understanding and agreement that the constitution may be changed at any time; and, hence, in accepting the policy, appellant did so, with the express agreement and understanding that the order might at any time fix and determine what physical injuries and bodily ailments the members would be entitled to benefits for. It is apparent, therefore, that, under the plain provisions of the policy, before appellant would be entitled to recover anything whatever, it would be incumbent upon him to show that, under the provisions of the constitution in force at the time he sustained the injury and asserted his claim, his injury was of that class for which he was entitled to pay. Construing the pleading most strongly against the pleader, all that is alleged in the petition may be true, and yet, no right of recovery exists, for the reason that, although the constitution might, at the time the policy was issued, have provided that for the loss of or injury to an eye a member would be entitled to participate in the benefit fund; and, under the further provision of the policy giving to the Order the right to change the constitution, in order to entitle him to recover, he would have to allege and prove that the constitution, at the time he asserted his claim, authorized its payment. This, he failed to do, and the trial court correctly held that the petition did not state a cause of action.

Judgment affirmed.