## Grand Lodge, Brotherhood of Railroad Trainmen, v. Bash.

(Decided Nov. 27, 1934.)

W. A. BERRY for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In 1911 Harry R. Bash became a member of the

Brotherhood of Railroad Trainmen and there was issued to him by the Brotherhood a policy known as "Class C," which called for the payment of $1,875 in the event he sustained certain injuries or became totally disabled or upon reaching the age of 70 years, as provided in section 68 of the constitution and by-laws of the Brotherhood. Bash carried this certificate until some time within the year 1928, at which time he made application to exchange certificate or policy C to certificate or policy G; the latter providing for payment of $5,000 to Bash in the event of total disability, etc., as provided in said section 68 of the constitution. The exchange of certificates was effected and certificate G was issued to him in which Elsie Bash, his wife, was named as the beneficiary. In 1931 Bash became disabled and filed a benevolent claim with the appellant, based on being afflicted with aortic aneuerysm; he was examined by the appellant's physician and the report of the physician disclosed an unsatisfactory physical condition of Bash, and pursuant to this report the appellant voted to cancel certificate G and proposed to restore the former certificate C, which exchange of certificates was finally effected. The appellant's reason for canceling certificate G and substituting or restoring certificate C was based on the claim that Bash had misrepresented his physical condition or suppressed or failed to disclose material facts with respect thereto, when certificate C was canceled and certificate G substituted therefor. The appellant refunded Bash $127.75, the difference in rate of dues or premiums he had paid on certificate G more than he would have paid had he continued to carry the first certificate, C, and made settlement with Bash on the basis of $1,875 called for in certificate C, in addition to the $127.75 refund.

Bash died in December, 1931, and soon thereafter his widow, Elsie Bash, appellee herein, filed this suit to recover of appellant under certificate G, less the sum having been paid to Bash under certificate C. She alleged for her cause of action, in substance, that the cancellation of certificate G and substituting therefore certificate C was brought about by undue influence by certain officers and agents of appellant who were also members of the Brotherhood of Railroad Trainmen, and that by reason of their confidential relations and position they occupied as members of the Brotherhood with her husband, they did "exert an influence over the judg-

ment of her decedent to such an extent as to and did subvert her decedent's will and independence, and did while her decedent was weak in mind, sick and frail in body, by persuasive methods, acts and representations made by them to her decedent at the time when he was sick in body, and mind, and at a time when he was confined to his house and bed, and without means of support, money or other necessities of living, and at a time when he had utmost confidence in them and believed that they were his friends, and at the time when he was sick in mind and body and unable to resist their advice and influence which they were exercising over him, that they did wrongfully and at a time as set forth in her petition, in the fall of the year 1931, procure for her decedent the said beneficiary certificate 'G' which was of the value of Five Thousand Dollars ($5000.00) and paid to him the sum of Two Thousand Two Dollars and Seventy-five cents, $2002.75; when at the time they wrongfully obtained said beneficiary certificate the defendants were indebted to her decedent thereon and by reason of said certificate, the sum of Five Thousand Dollars and that they as individuals and as officers of the co-defendant, exercised said influence and relation of confidence over her decedent, and that by reason thereof they are indebted to this plaintiff in the sum of Two Thousand Nine Hundred Ninety-seven Dollars and Twenty-five cents ($2997.-25)." Later by amended petition, she alleged fraud and misrepresentations on part of the agents and officers of appellant in obtaining from her deceased husband certificate G and substituting therefor certificate C and that decedent did not authorize same. The petition and amended petition as a whole stated a cause of action based on fraud and undue influence, but it was not alleged that at the time of the transactions complained of, the decedent's mind or mental condition was such as to render him incapable of understanding the nature of the transaction or that he was mentally incapacitated to transact business, or make use of other equivalent language. The issues were joined and the case tried before a jury and resulted in verdict and judgment for plaintiff below. The case was appealed to this court and reversed because of incompetent evidence permitted to go to the jury and that there was no evidence showing undue influence or fraud on part of the agents of appellant.

The opinion in the former case, which may be found in 251 Ky. 826, 66 S.W.(2d) 25, fully sets out the history and facts of the case, which opinion is the law of the case under the facts presented in that record. The case was remanded and retried in the lower court upon the same pleadings above indicated, and, as is shown by the record before us on this appeal, the evidence is the same as in the former trial, except more extensive respecting Bash's mental condition at the time of the transactions complained of, which under the allegations of the pleadings is a secondary question affording no right to recovery on the cause of action stated in the pleadings, to wit, undue influence and fraud. The instructions given by the court are as follows:

No. 1. "You will find for the defendant, unless you shall believe from the evidence in this case that on September 19th, 1931, at the time of the cancellation of the class G certificate No. 18170, mentioned in the evidence, and at the time of the issual of the class C certificate No. 459315, and on November 24th, 1931, at the time of the receipt of payment of $1875.00 upon said class C certificate No. 459315, at the time the $127.75 returned premium, mentioned in the evidence, the deceased Harry R. Bash was not of sound mind. If you shall believe from the evidence in this case that the deceased Harry R. Bash was not of sound mind at the times above mentioned, you will find for the plaintiff."

No. 2. "The Court will further instruct you that the deceased Harry R. Bash was of sound mind at the times mentioned in instruction No. 1, if at such times he had such mental capacity as to enable him to know the character and terms of the agreements entered into between him and the defendant."

The above are the only instructions given, and in fact all that should have been given under the evidence.

The plaintiff, to recover, must establish by evidence his cause of action as pleaded, which the plaintiff has totally failed to do in this case, and defendant was entitled to a peremptory instruction. The defendant, following its traverse, set forth affirmatively allegations

which when proven constitute a perfect defense to plaintiff's cause of action even if it were based solely on unsoundness of mind of Bash at the time he accepted the benefits of certificate C. But as to this affirmative defense as presented in the record, under the evidence in support of it, we express no opinion.

The judgment is reversed and remanded, with directions to grant appellant a new trial and for proceedings consistent with this opinion. All other questions are reserved.