## Brotherhood of Railroad Trainmen v. Taylor.

(Decided Nov. 30, 1934.)

STEPHENS & STEELY and GRAY & FEATHER for appellant.

R. L. POPE and OSCAR W. BLACK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and defendant below, Brotherhood of Railroad Trainmen, is a fraternal voluntary society composed of railroad trainmen. In addition to other fraternal features of the organization, it also issues to its members, in consideration of stipulated dues and premiums, benevolent certificates or policies whereby it agrees to pay to the beneficiary mentioned therein upon the death of the member the principal amount of the certificate as designated in its constitution and by-laws, all of which are made parts thereof and agreed to by the holder of the certificate. Appellee and plaintiff below, Morgan R. Taylor, was eligible for membership in the Brotherhood, and after becoming such through the local lodge in Corbin, Ky., he obtained from defendant a class G benefit certificate entitling his wife as beneficiary therein to receive from defendant the sum of $5,000 upon plaintiff's death, or for him to receive the same amount during his lifetime if he became entitled thereto under section 68 of the constitution of the Brotherhood, which was made a part of the certificate. That section says: "Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate."

Section 70 of the constitution, which is also made a part of the certificate, contains provisions for the payment of purely charitable benefits to the holder of a certificate, proportioned to the amount of each class, in cases of disability of the holder when produced in a manner not embraced by the terms of section 68, supra;

but no member contributes to that fund, and there is no contractual obligation to pay it, since it is a purely charitable gratuity, and whether or not it shall be paid is to be determined exclusively by duly constituted boards of the brotherhood. On April 12, 1932, plaintiff made application for an allowance to him of a "Benevolent Claim" under section 70 and 71 of the constitution (under the head of Benevolent claims) and "hereunder submit a statement of my physical disability as described by Dr. S. S. Siler." To that was attached the certificate of Dr. Siler, in which he stated that the normal vision of plaintiff was "Right eye 20/40, left eye 20/50 with glasses," and that he could scarcely see at all without glasses, and that his (plaintiff's) hearing was bad (describing it), and he had catarrh of the nose.

As a part of that application was plaintiff's affidavit, and in it, under the heading "Description of Injury," he stated: "Defective hearing and defective eyesight. Corbin, Ky. Defectiveness became acutely deficient March 9, 1932. Defectiveness began about January 1931. Failed to pass the Railroads examining test March 18, 1932, by Dr. Jas. P. Edmonds (eye, ear, nose and throat specialist), Middlesboro, Kentucky."

Since the application was on its face one made to obtain the disability benefits included in the charitable and nonobligatory section 70 of the constitution, it was referred to the proper board and was disallowed, whereupon plaintiff filed this action against defendant in the Whitley circuit court to recover the full amount of his policy under the provisions of section 68 of the constitution, and alleged in his petition as grounds therefor that he had paid all of his dues and that his certificate was in full force and effect on March 8, 1932, "at which time this plaintiff had become totally and permanently commercially blind, having lost permanently the sight of both eyes to such an extent as that he could not distinguish color or perform any of his duties as a brakeman and for that reason as well as for the additional reason that he had become practically deaf and has sustained total and permanent nervous disorder, on account of all of which he was removed from the service of said L. & N. R. R. Company and has not been permitted to work any since said date and will never again be so permitted or enabled to follow or perform his said duties as such to do or

perform any other manual labor. He states that on account thereof and by reason of said total and permanent injury he is entitled to receive, having furnished sufficient and satisfactory proof of such permanent and total disability, the full amount of his beneficiary certificate, which is Five Thousand Dollars, no part of which has been paid but payment of which was refused by these defendants after he had furnished said proofs and demanded said payment.''

Defendant's demurrer filed to the petition was overruled with exceptions, and in its answer it denied all the material averments of the petition. A trial resulted in a verdict for plaintiff which the court declined to set aside on defendant's motion therefor, and from it and the judgment rendered thereon this appeal is prosecuted. The grounds contained in defendant's motion for a new trial and argued on this appeal for a reversal are: (1) Error in overruling defendant's demurrer to the petition; (2) error in overruling its motion for a peremptory instruction in its favor; (3) error in giving to the jury instruction No. 1; (4) the verdict is contrary to the evidence and not supported by it; and (5) admission of erroneous testimony over defendant's objections, each of which, so far as we deem necessary, will now be disposed of.

It will be perceived that since plaintiff is still living and is seeking to recover the full amount of his certificate before his death, he is and should be necessarily confined to the provisions of his contract entitling him thereto, and which are only furnished by the provisions of section 68 of defendant's constitution, supra. That section allows such a recovery only when the holder of the certificate has suffered ''the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or become seventy (70) years of age,'' in either of which events he shall ''be considered totally and permanently disabled, but not otherwise.'' It requires no argument to demonstrate that the grounds for recovery contained in the petition (which we have hereinbefore inserted) fall far short of measuring up to the requirements of the language of that section. There is no pretense made in the petition that either hand or either foot of plaintiff has in any manner been severed,

much less in the manner described therein. Neither is it claimed that he was 70 years of age, and there is nothing in the action providing for a recovery for defect of hearing or for chronic catarrh of the nose. The only other provision for a recovery contained in the section is "the complete and permanent loss of sight of both eyes" by the certificate holder, and which if true "shall be considered totally and permanently disabled, *but not otherwise."* (Our italics.)

The petition, as it will be noted, makes no such claim, nor was any such made in the claim filed by plaintiff with the brotherhood as a condition precedent to obtaining benefit payments under section 70 of the constitution. The only reference in the petition to plaintiff's loss of sight is that he has become "commercially blind, having lost permanently the sight of both eyes to such an extent as that he could not distinguish color or perform any of his duties as a brakeman." Strange as it may seem, counsel for plaintiff nevertheless argues that the petition, by the language last inserted therefrom, measures up to the requirements of section 68 so as to entitle his client to recover thereunder. In the recent case of Fowler v. Brotherhood of Railroad Trainmen, 253 Ky. 786, 70 S.W.(2d) 669, 671, there was presented to us for determination the right of appellant therein to recover under the same section (68) of the constitution of the brotherhood, but upon a different permissive ground, and which was that plaintiff therein claimed the total loss of his right hand as described in the section. In his petition he definitely described the injury to his hand and which consisted in the amputation of his second, third, and fourth fingers above the point where they join the palm of his hand; but we held that the court properly sustained a demurrer to the petition. A number of cases involving the identical or a similar question are referred to in that opinion and in which we recognized the well-established rules governing the construction of policies or certificates of insurance, and in which we then said, inter alia: "But the rule of liberal construction does not mean that the court may add or strike from the conditions of the policy and thereby make a contract for the parties which they did not make for themselves. Fidelity & Casualty Co. of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080; 14 R. C. L. 931; Northwestern Mutual Life Ins. Co. v. Neafus, 145 Ky. 563, 140 S. W. 1026, 36 L. R.

A. (N. S.) 1211. It is our view that the language used in the policy is plain and unambiguous. The language employed could not be construed to mean that the appellee insured appellant against the loss of the use of the hand without the loss of the hand by physical severance or amputation 'at or above the wrist joint.' It does not insure against disability to earn money or to pursue any particular occupation."

If that conclusion was supported by the facts of that case, and about which we entertain no doubt, then there can be no escape from a like one in this case that plaintiff's impaired vision, as described in his application and also in his petition, utterly failed to measure up to the stipulations and terms of his contract (section 68, supra) so as to entitle him to recover for such diminution under the provisions of that section, which is the only right attempted or could be asserted under his certificate. So much for the merits of the grounds upon which recovery is sought.

However, the petition was also defective in failing to allege the proper proof of claim and furnishing of it to defendant, followed by rejection, before filing his petition which the constitution specifically requires. Plaintiff's counsel seek to avoid such failure by insisting that the proof, to which reference has been made, was sufficient for that purpose, but with which we do not agree. In the first place, the substance of the facts contained in that application was not sufficient to entitle plaintiff to the recovery he here seeks, since it contained the same defects to which we have referred; and secondly, the proof was not directed to the right of recovery under section 68 of the defendant's constitution, but was only an application for a *gratuitous* benefit under section 70 of the constitution, and a disallowance of it under that section was not a waiver of proof required to recover under section 68. For such reasons the court erred in overruling defendant's demurrer to the petition. Other domestic cases sustaining that conclusion are Winterberg v. Brotherhood of Locomotive Firemen & Enginemen, 148 Ky. 501, 146 S. W. 1105; Grand Lodge, Brotherhood of Trainmen v. Nolan, 196 Ky. 296, 244 S. W. 759; Holcomb v. Grand Lodge, Brotherhood of Railroad Trainmen, 171 Ky. 843, 188 S. W. 885, L. R. A. 1917B, 107; and others cited in those opinions. Many others from foreign jurisdictions might be added to the list, but, since they

are in perfect harmony with our declarations in the cases supra we deem it unnecessary to insert them, especially so when many of them are referred to in our opinions rendered in the cited domestic cases. It follows therefore that ground (1) is meritorious and is sustained.

What we have said in disposing of ground (1) also disposed of ground (2), by our sustaining it, even though the proof heard at the trial was sufficient to bring the case within the relied on ground contained in section 68 of defendant's constitution of "complete permanent loss of sight of both eyes," since the proof, if so made, would extend far beyond the averments of the petition and not conformed to the well-established rule that both peading and proof are essential to a litigant's success. See Grand Lodge Brotherhood of Railroad Trainmen v. Bash, 256 Ky. 511, 76 S. W. (2d) 604. However, the proof failed to develop a recoverable case under the section of the constitution upon which the right is rested. It is true that some of the physicians testified some stronger than the allegations of the petition, but none of them made a case coming within the unambiguous, clear, and concise language of the section of the constitution upon which the action was based. Counsel cite a long list of cases both domestic and foreign in which the term "total disability," produced by any named cause, is defined and in which it is held with reference to the loss of sight that it is not essential to produce "total disability" that stone blindness should occur, but that the loss of vision to such an extent as to disable the policyholder from performing his (or sometimes other occupations, dependent upon the provisions of the policy) occupational duties is enough to produce total disability within the meaning of such policies. But it is uncessary to catalogue any of such policies. But it is unnecessary to catalogue any of those cases, since they are wholly inapplicable to the facts of this one. Here, it is specifically, exactly, and precisely stipulated what *shall* constitute the complete loss of sight of both eyes so as to bring the right of recovery within the provisions of the relied on section of the constitution, and to apply the cases cited by plaintiff's counsel to the facts of this one would be the making of a different contract for the parties which was condemned as entirely forbidden in the excerpt, supra, from the Fowler Case and other opinions cited therein, and which is so fundamentally established in the law as

to require no discussion nor further comment. We, therefore, conclude that the court also erred in over-ruling defendant's motion for peremptory instruction.

The criticism of instruction No. 1, made in support of ground (3), is that it authorized a recovery by plaintiff if the diminution of sight of both of his eyes was such as to render him unable "to do and perform substantially all of the duties of his said occupation as railroad brakeman or continuously do and perform substantially all of the duties of any other occupation of value," etc., which was erroneous for the reasons hereinbefore given. The evidence complained of in ground (5) was that introduced by plaintiff in support of the submitted issues by instruction No. 1, and for the same reason the objections to it should have been sustained. What we have said also sustains ground (4) that the verdict is not sustained by the evidence.

For the reasons stated the judgment is reversed, with directions to sustain the motion for a new trial, and set it aside, and for other proceedings consistent with this opinion.