## Cannon v. Brotherhood of Railroad Trainmen et al.
### (Decided June 14, 1935.)

J. J. TYE and W. R. LAY for appellant.

ROBSION & SAMPSON for appellees.

• Opinion of the Court by Morris, Commissioner— Affirming.

Appellant instituted his action against appellee, which he alleges is an unincorporated association with an extensive membership. He named the general chairman, the local chairman, and some representative members of the Brotherhood as parties defendant. Summons was served on two of those alleged to be representative members, and on one described in the petition as being a chairman.

The appellee and each personal defendant served, as well as those not served, moved the court to quash the return on the summons, which motion the court overruled over appellee's objection and exception, and of which ruling appellee complains in its brief. However, since there is no cross-appeal prosecuted, and the ruling was favorable to appellant, who argues that the motion was correctly overruled, the court in this state of the record cannot pass on this question.

Appellees also filed a special demurrer to the petition as amended, which the court sustained, and on failure to further plead dismissed the petition without prejudice, to which appellant objected.

Since the court overruled the motion to quash the return and sustained the demurrer, it may be assumed

the court was of the opinion that the petition did not state such a cause as would give a civil court jurisdiction of the subject-matter, or that appellant lacked the capacity to sue. Civ. Code Prac. secs. 91-92.

Appellant alleges that prior to January 1, 1927, he was a trainman in the employ of the Cumberland & Manchester Railroad Company; that on that date the Louisville & Nashville Railroad Company leased the Cumberland & Manchester and has continued to operate same as a part of its system. He contends that his service with the Cumberland & Manchester Railroad Company endowed him with certain seniority rights, mainly right to employment as a trainman in preference to "all employees" of the Louisville & Nashville Railroad Company, by reason of a contract existing at the time of the leasing and thereafter, whereby the Brotherhood passed on all seniority rights of the trainmen of the Louisville & Nashville which rights were to be manifested by approving the roster of its trainmen, and that under the contract the Louisville & Nashville must offer employment to "these said trainmen, including the plaintiff." His conclusion is based on what he alleges to be a portion of the contract, as follows:

"If the portion of line transferred is sufficient (evidently meaning "insufficient") in extent to constitute a separate promotion district, the men taken over therewith in the merger shall be placed on the roster of the promotion district to which the merged line is attached with seniority on such roster in their respective classes from a date not later than the date of merger. Men taken over with merged territory under this paragraph shall retain prior rights in their respective classes:

"(1) To work on runs originating and terminating on the territory with which they are transferred.

"(2) On crews forming a part of or the entire quota of crews running from the 'merged line' onto or over the acquiring line. * * *"

It is then charged that the Brotherhood, by the alleged contract, assumed the responsibility of approving the roster for the Louisville & Nashville "so as to faithfully and fairly protect the rights of this plaintiff," but he does not disclose whether or not the appellee

prepared or failed to prepare a roster of the Cumberland & Manchester Railroad men, including or excluding appellant, nor does he allege fully what his particular rights were.

However, he alleges that the Louisville & Nashville Railroad in carrying out the alleged contract continued this plaintiff in his job as trainman until October, 1927, at which time the Brotherhood willfully and knowingly violated the agreement by causing and compelling the Louisville & Nashville to "discharge the plaintiff and place another in his position."

Appellant claims that at the time of his discharge he was making $170 per month; that he had since his discharge sought employment without avail, and he asks damages against the Brotherhood in the sum of $2,040, and prays that it be required to restore to him his rights.

In an amended petition appellant sought to have the Louisville & Nashville Railroad made a defendant, and pleading mainly as in the original petition, adding that the Brotherhood adopted a constitution and by-laws under which it elected officers to carry on its business and to represent "the individual members of the organization in their dealings, and contracts with said employees," and that the individuals served with process were thus empowered, and did enter into a contract whereby the Louisville & Nashville agreed to employ members of the Brotherhood, because of their seniority rights "as set forth in the plaintiff's original petition."

He states that by reason of the contract he as an individual member secured seniority rights to employment by the Louisville & Nashville, but says notwithstanding all these things the "said railroad company unlawfully, wrongfully in violation of his rights under the contract, removed him from his employment on the recommendation of the officers and those selected by the members of the Brotherhood to represent them in such matters, and whereby he was deprived of his seniority rights," and of his employment by the railroad company.

In the prayer of his original petition appellant asks judgment for $2,040 against the Brotherhood, and for a restoration to his priority rights as a trainman on the Cumberland & Manchester division of the Louisville &

Nashville. In his amended petition, wherein he does not pray as in his original petition, he asks judgment against the Louisville & Nashville restoring him to his seniority rights, and that the named personal defendants, and, all unknown members of the Brotherhood, be required to restore him to his seniority rights, "and that same be certified by them to the L. & N. for its approval." Since the appellant does not pray as in his original petition, it is difficult to determine whether or not he abandoned his claim for pecuniary damages; but this is not now of importance.

At this point it may be proper to call attention to the fact that while the Louisville & Nashville is sought to be made a party defendant by the amended petition there is no order of court making the Louisville & Nashville a party; there is no order for or issuance of process; no return showing service, nor is there any pleading on the part of the Louisville & Nashville. It was not before the court below; hence it is not now before this court for adjudication of any claimed rights of appellant against it.

From what has been said, whch we believe presents a fair review of appellant's complaint, taking all of his allegations to be true, appellant has not stated a cause which would give a civil court jurisdiction to determine his cause.

The whole case might be well determined on one point alone, and that is appellant's failure to make the person, whom he alleges was his successor, a party to the action. As noted hereinbefore, appellant alleges that the Brotherhood caused and compelled the Louisville & Nashville to discharge and lay off plaintiff "and place another person in his position." There is no allegation that such other person was not entitled to like or perhaps superior rights of employment. In the absence of such allegation it may be assumed that he was on equal footing with appellant. However that may be, appellant has disclosed by his own pleading that there is a real party in interest against whom, after all, his cause might be aimed, as was done, and such procedure fully approved in Gregg v. Starks, 188 Ky. 834, 224 S. W. 459, and Aulich v. Craigmyle, 248 Ky. 676, 59 S. W. (2d) 560.

Reading the pleadings it may be concluded that appellant has based any rights he may have, or has so

far asserted, on the alleged contract which he says was entered into between the Brotherhood and the Louisville & Nashville, on his behalf, since he alleges "that he as an individual member of the organization secured the rights of seniority," by reason of that contract. If appellant has or had such rights, his cause of action against the Brotherhood is necessarily based on the Brotherhood's failure to place or carry his name on the roster furnished employers, and he nowhere alleges that its failure or refusal to carry his name upon or restore it to the roster was willful or arbitrary.

Appellant in his original petition pleads that he "urged" the Brotherhood to respect his rights and cause him to be restored to his job, and that the said defendant failed and refused to do so. In his amended petition he alleges that he "protested" to the subordinate lodge, and that the local lodge refused to recognize his rights, whereupon he appealed to the "higher organization" of the Brotherhood "until his rights were exhausted, and that they, the said Brotherhood * * * refused to recognize his priority rights," and alleges that "unless the court requires the railroad company to "restore him his position * * * under the contract with the Brotherhood, he will be permanently deprived of his rights thereunder."

While appellant contends that his discharge by the Louisville & Nashville was illegal and wrongful "at the instance and request of the Brotherhood," it is nowhere alleged or claimed that the failure of the Brotherhood to restore him to his claimed seniority rights was illegal, wrongful, arbitrary or fraudulent.

The right or rights here claimed by appellant are not in any sense inherent rights, nor such rights as are in anywise vouchsafed to him by any fundamental laws, either state or national. His rights, as claimed, rise solely and alone by reason of the fact that the organization by its constitution and by-laws has undertaken to guarantee him some right beyond such as are purely personal, or such as organic laws, or laws enacted in furtherance of same guarantee him.

Therefore, when civil courts are called upon to adjust differences between a member of an organization and the organization, a civil court must view such

differences in the light of the entire agreement, if the complainant expects to have his rights preserved to him.

In the case of Brotherhood of Railroad Trainmen v. Martin, 256 Ky. 436, 76 S. W. (2d) 269, 271, the court holding that Martin was not entitled to the relief sought, said:

"It is not necessary, therefore, to render a decision upon the validity of the provisions of the by-laws of the order which in effect preclude a member from resorting to the courts when his claim for benefits under the so-called pension certificate (which is really an insurance contract) has been rejected by the tribunals of the order, or to determine the extent to which the member is bound by that agreement, or to say what interpretation of the by-laws should be given in respect to exhausting the remedies within the order. It may be said, however, that the plaintiff would at least have the right to show upon a proper pleading that he had not been given a fair, reasonable, and impartial hearing and that he was entitled to an injunction requiring the boards to hear his cause; or, if he had been given a hearing, that the action or decision of the board was arbitrary or fraudulent. There is very little in this record as to just what evidence was presented to the pension board, the appeal to the insurance board being made upon the record presented before it. The whole matter should be disclosed to the court. This case does not present for review the action in determining Martin's right under the constitution and rules of the order. His rights thereunder are not affected by this opinion. See Brotherhood of Railroad Trainmen v. Swearingen, 161 Ky. 665, 171 S. W. 455; Aulich v. Craigmyle, 248 Ky. 676, 59 S. W. (2d) 560."

The above is cited, not as controlling authority in the case at bar, but it demonstrates the necessity, or to say the least, the propriety of a litigant who depends for an enforcement of his rights on a contract, and which in turn involves the constitution or by-laws of his alleged contracting organization of furnishing the court more than has been furnished here.

In this case the appellant has not set out facts

demonstrating that he possessed, by reason of the alleged contract, such rights as he has claimed by purely conclusive pleading. The extensive rights which he asserts most assuredly do not arise under the meager portion of the alleged contract which he has chosen to plead, even though he afterwards plead that the Louisville & Nashville took over enough mileage to require an apportionment of labor between it and the leased Cumberland & Manchester line.

The appellant has failed entirely to show that the Brotherhood had power to contract for him with the Louisville & Nashville. He has failed to show sufficiently that the individuals whom he sued had power to contract for him. He has signally failed in his allegations that the Brotherhood, his alleged contracting agency, improperly, arbitrarily, or capriciously refused to certify his name to the Louisville & Nashville for further service, or that it was required to do so. Although he "urged" the organization to restore him, and "protested" against his removal, and appealed to the higher authorities, he does not allege that they so acted or failed to act, as to give him a cause to bring it or them into a civil court for redress.

This court cannot say, in the absence of an allegation that the refusal was illegal, that the higher authorities' action was otherwise than correct; we cannot say that appellant "had not been given a fair, reasonable, and impartial hearing," or that, having been given a hearing that the action or decision of the board was arbitrary. Brotherhood of Railroad Trainmen v. Martin, supra.

It has become a matter of common knowledge, as evidenced by many cases in this court wherein this same organization has been party plaintiff or defendant, that this and simliar or kindred organizations, particularly those which are unincorporated, provide by their rules an exclusive method of settling grievances and difficulties arising between their membership and the organization, through internal courts and tribunals of both original and restricted last resort jurisdiction. See Brotherhood of Railroad Trainmen v. Swearingen, 161 Ky. 665, 671, 171 S. W. 455; Winterberg v. Brotherhood of Locomotive Firemen & Enginemen, 148 Ky. 501, 146 S. W. 1105. The petition falls short of allegations necessary to give a civil court jurisdiction. Appellant's plead-

ings amount to no more than a statement of conclusions. Appellant's pleading is not complete enough to authorize a civil court to take jurisdiction.

It may be that some of the court's conclusions would be more properly based on a ruling of the lower court on a general demurrer, though if this be true it is sufficient to now say that the order of the court below appealed from is one dismissing the petition. We may look into the record to ascertain whether or not such order was proper. After a due consideration, with this view in mind, we think the court properly dismissed the petition.

Judgment affirmed.