## National Council Junior Order United American Mechanics of United States of North America v. Cox.

(Decided June 21, 1935.)

W. D. GILLIAM for appellant.

NOEL F. HARPER and N. GOEBEL GOAD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On December 15, 1931, the appellant and defendant below, National Council Junior Order United American Mechanics of the United States of America, issued a certificate or policy to appellee and plaintiff below, Charlie H. Cox, who was a member of the defendant's "Dupont Council No. 91 Junior Order of United American Mechanics of Old Hickory, State of Tennessee,"

by which it agreed and promised to pay him upon his arrival at the age of 70 years on March 18, 1961, $2,000, the face value thereof; or to pay his wife as his beneficiary therein that sum if he should sooner die, provided that at the time of either of such contingencies the premiums on the certificate were paid and it was then in force and effect. Other stipulations were contained therein, one of which was, that the defendant would pay to plaintiff the full amount of the certificate at any time after the first year of its life upon his becoming totally disabled, provided he was then under 70 years of age.

On August 26, 1933, and when the certificate was more than one year old and was in full force and effect, plaintiff filed this action against defendant in the Allen circuit court in which he alleged that: ''While said policy was in full force and effect and binding he became totally and permanently disabled on account of high blood pressure after said policy having been in full force and effect for more than a year and after more than one year's premiums had been paid, and that on the ——— day of ——————— 1933 and after said permanent liability had occurred he prepared and furnished the defendant with proof of his said disability or disabled condition which is shown by said proof to be permanent, and requested the payment of the face of said policy which the defendant has failed and now refuses to do and refuses to pay same or any part thereof.''

The prayer of the petition sought recovery against defendant for the full amount of the certificate based upon the inserted excerpt therefrom. Defendant demurred to the petition and, without waiving it, filed what its counsel termed ''a plea in abatement to the jurisdiction of the court.'' The petition and the plea in abatement were each fortified by exhibits containing the constitution, by-laws, rules and regulations of defendant, and everything relating to the contract or containing parts of it, including a stipulation whereby it was agreed between defendant and plaintiff on becoming one of its members that in case of loss for which benefits were provided the latter should make proof thereof and submit it to a designated officer or tribunal of defendant, and if it should be disallowed that he would then appeal to another and higher provided tri-

bunal within a designated reasonable time, the details of which are not necessary to herein state.

Another section (493) of defendant's constitution, which was made a part of the contract, provided that: "No action at law or in equity shall be brought or maintained in any court by a member, his beneficiary or beneficiaries, on any claim or cause arising out of membership in the Beneficiary Degree until all appeals or remedies within the Order have been exhausted." The plea in abatement filed by defendant not only set out and referred to such provisions, but expressly averred that plaintiff had not prosecuted his claim before the contractual tribunals as designated in defendant's constitution and by-laws, which, as we have seen, were made a part of the contract, and that his resort to the Allen circuit court was "premature" and for which reason it should abate. Plaintiff demurred thereto which the court sustained and it then overruled defendant's demurrer filed to the petition when it declined to plead further, and default judgment was rendered for full amount of the certificate. Complaining of it defendant prosecutes this appeal.

It will at once be seen that the question presented by the plea in abatement (provided the requirements therein set forth were reasonable and were not waived) is whether or not the contractual steps as a condition precedent to the right to resort to a civil court to enforce the collection of plaintiff's claimed benefit is or not valid and enforceable? It is quite possible that the same question was raised by the demurrer to the petition; but, whether so or not its allegations clearly may be considered in determining whether the stipulated requirements had or had not been waived by defendant, since it is clear and we are thoroughly so convinced that it might do so upon pursuing a course that would have the effect to create a legal waiver the same as might be done in any other case; one of which, as applied to conditions precedent to legal actions on insurance claims, is an absolute and unqualified denial of liability made by defendant, or insurer. In such case courts universally hold that stipulated prerequisite requirements for the maintenance of a civil court action are always waived by an absolute denial of liability, since it would be fruitless for plaintiff in such circumstances to prove his claim and make demand for pay-

ment in the face of the fact that the one from whom it was due denied liability in any and all events. Looking to the averments of the petition in the case we find that it nowhere avers that defendant made any such denial of liability, and it was, therefore, not guilty of waiving the above indicated requirements of the contract, provided they were and are legally enforceable.

It is true, as will be noted, that plaintiff averred in his petition that he requested payment of defendant, but which "it failed and now refuses to do and refuses to pay same or any part thereof." It is argued by his counsel on this appeal that the inserted language from the petition is tantamount to the averment of an absolute denial of liability on the part of defendant; but with which contention we are unable to agree. There is a vast difference between "now" refusing to pay (which is plaintiff's averment), and a denial of all liability. Perhaps the only reason why payment was refused by defendant in this case was that plaintiff had not followed the provisions of his certificate in order to mature his claim so as to entitle him to demand payment on presentation. The requirement for resorting to the created tribunals or agencies of defendant (when it is a benevolent association) is one of the provided means for the establishment of the claim, somewhat if not completely analogous to the usual requirement of formal proof of claims, and when such provisions are reasonable they are generally enforced, if not waived or otherwise dispensed with.

There might be other valid reasons why payment was not immediately forthcoming on presentation, and which would authorize a refusal to pay at the time, and all of which clearly emphasizes the distinction between the legal effect of a refusal to pay, and one absolutely denying liability. When the latter is made it will operate, as we have seen, as a waiver of all conditions precedent to court procedures for enforcement; but which is untrue as to a mere refusal to pay without being accompanied with a reason which is founded on a denial of liability in any event; but which latter was not true in this action as to plaintiff's averment on that phase of the case.

The general rule on the subject of the right to make (and of the courts to enforce) such precedent provided

contractual tribunals is thus stated in the text of 7 C. J. 1121: ''Unless there is some good excuse for not so doing, if the constitution and by-laws provide a tribunal to hear and to determine grievances with or without a remedy by appeal to a higher tribunal of the society, such remedies must be exhausted by an aggrieved member before relief is asked of the civil courts.'' In note 33 to that text are cases from many courts of the Union, and other foreign English-speaking countries among which are Brotherhood of Railroad Trainmen v. Swearingen, 161 Ky. 665, 171 S. W. 455, and Kentucky Lodge No. 39, I. O. O. F. v. White, 5 Ky. Law Rep. 418. The latter is an opinion by our former superior court and written by Judge Reid, a member thereof. Another opinion to the same effect by the same court, and written by Judge Barbour, is Kentucky Lodge No. 39, I. O. O. F. v. Limeback, 9 Ky. Law Rep. 320. Later domestic cases from this court approving the same principle are Brotherhood of Railroad Trainmen v. Woods, 256 Ky. 613, 76 S. W. (2d) 911, Brotherhood of Railroad Trainmen v. Taylor, 256 Ky. 556, 76 S. W. (2d) 611, and Aulich v. Craigmyle, 248 Ky. 676, 59 S. W. (2d) 560. A most elucidating and exhaustive opinion involving the same question is that of Walsche v. Sherlock, a New Jersey case, and reported in 110 N. J. Eq. 223, 159 A. 661. Almost every phase of the question is gone into by the learned judge who wrote that opinion, and the conclusion was reached in conformity with the rule, supra. Some courts go as far as to uphold a provision whereby the determination of the supreme and final authority of the contractual tribunal shall be final and conclusive upon the parties and altogether bar their right to resort to the courts. But the great majority of courts hold to the contrary, although approving the provision of the character here involved, i. e., making it requisite to resort to such tribunal as a condition precedent to an application to the court.

As hereinbefore stated, plaintiff seeks to avoid the effect of the cases to which we have referred by insisting that his allegation of a refusal of defendant to pay constituted a waiver by it of the requirements that we have discussed, and in support thereof he cites the cases of National Council Junior Order, etc., v. Thomas, 163 Ky. 364, 173 S. W. 813, and National Life & Accident Insurance Co. v. Hedges, 233 Ky. 840, 27 S. W.

214

(2d) 422. The latter case is not altogether in point, since it only involves the question of a waiver of the required proof of loss before action can be maintained on the policy, by the insurer denying absolutely all liability thereunder; but the Thomas Case involved the same question here under consideration and in it the defendant did deny all liability for the claim and for the reasons hereinbefore stated we held that it waived the requirement for the insured to first resort to the provided remedies within the order or society of which he was a member before bringing his court action to enforce his claim.

It is, therefore, seen that the defendant in that (Thomas) case did much more than the defendant in this one is charged to have done (i. e., refused to pay plaintiff's claim), and which, as we have seen, is materially different from an absolute denial of liability, and is followed by entirely distinct and different consequences. The Thomas Case (at least indirectly) upholds the right of a benevolent order to make such provisions as a part of its contract, as well as its right to insist on their performance when they are reasonable, as we find the one here involved to be. The appellant and defendant in this case has had no opportunity to present its defense to the merits of the case, if it has any, since the action was prematurely brought according to the facts in the record before us, and it had the right to take advantage of that premature action on the part of plaintiff if it saw proper to do so, which it did through the steps hereinbefore pointed out, and which the court, as we conclude, erroneously overruled.

Wherefore, for the reasons stated the judgment is reversed, with directions to set it aside, and for further proceedings consistent with this opinion.