**TRAYLOR BROTHERS, INC., Appellants,**

v.

**J. T. POUND et al., d/b/a Pound Tire Supply, Appellees.**

Court of Appeals of Kentucky.

June 24, 1960.

Rehearing Denied Oct. 21, 1960.

Michael A. Rowady, Winchester, John Early, Evansville, Ind., for appellants.

White & McCann, Winchester, for appellees.

STANLEY, Commissioner.

The complaint filed by J. T. and J. C. Pound, d/b/a Pound Tire Supply Company, against Traylor Brothers, Inc., states that in September, 1955, the plaintiffs sold two large tires for use on heavy construction equipment that were of the reasonable value of $2,510 and delivered them to the defendant; that the account had been credited by $1,255, the value of one tire; that the balance was due and payable and the defend-

ants had refused to pay it. See Form 4 Complaint for Goods Sold and Delivered, Appendix to Civil Rules. Upon the issues being joined, the case was tried by the court without a jury, and judgment was rendered for the plaintiffs for the sum prayed.

■ At the time of the transaction, Traylor was engaged in constructing a section of the Louisville-Elizabethtown turnpike. The Codell Construction Company was building an adjoining section. Codell leased certain machinery to Traylor for a brief period, among which was an earth removing machine which had bad tires. The plaintiff J. T. Pound testified that someone called by telephone and told him that Calloway, Codell's superintendent, wanted him to send the tires to the turnpike construction for Traylor Brothers for some equipment which Codell had rented to Traylor. This was substantiated by later evidence. Pound admitted he had no contract with Traylor for this transaction, although he had previously sold Traylor "a lot of stuff." It was definitely proved that Traylor's superintendent had requested Codell's superintendent, Calloway, to get these tires, and he had ordered them from Pound. The tires had been placed on the leased machine. There is no evidence whatever that Traylor's agent ordered the tires or that they were delivered to Traylor except to be placed on Codell's equipment. Thus, the plaintiffs failed to prove the cause of action alleged. Proof without pleading will not sustain a cause of action. Humbert v. Heyburn, 240 Ky. 405, 42 S.W.2d 538. The plaintiff must have proved his cause of action as pleaded. Grand Lodge, Brotherhood of Railroad Trainmen v. Bash, 256 Ky. 511, 76 S.W.2d 604.

On the appeal plaintiffs rely on the terms of the lease of the equipment by Codell to Traylor and, as well, on an alleged agreement by representatives of Codell and Traylor in the settlement of their contract relations that each would pay for one of the tires involved in this litigation. The defendant objected to the introduction of

evidence concerning such an agreement, but the objection was overruled. In rebuttal, the plaintiff's representative at the conference denied there was such an agreement.

■ In this jurisdiction a party beneficiary of a contract may look to the promisor directly and sue him in his own name to enforce a promise made for plaintiff's benefit, even though he is a stranger, it being sufficient that there is a consideration between the parties who made the agreement for the benefit of the third party. Louisville & N. R. Co. v. Dry Branch Coal Co., 274 Ky. 82, 117 S.W.2d 1003; Ball v. Cecil, 285 Ky. 438, 148 S.W.2d 273; Long v. Reiss, 290 Ky. 198, 160 S.W.2d 668.

■ We need not examine the merits of these third-party claims—the one a question of judicial construction of the lease as to the intent of the parties with respect to maintaining the equipment, and the other a question of fact which was sharply in dispute. The trial court made no finding of fact, as he should have made. CR 52.01. Let it be assumed *in arguendo* that the evidence warranted a conclusion that there was such an agreement (which is all appellees would have been entitled to); the plaintiff was not entitled to recover because there was no pleading of it having been made for plaintiff's benefit, or at all. Pleading was prerequisite to proving it. Louisville & N. R. Co. v. Dry Branch Coal Co., 252 Ky. 124, 65 S.W.2d 1008. So, upon an assumption of merit in the proof, there would be a total and fatal variance between the case set forth in the complaint and the case proved. Louisville & N. R. Co. v. Spears' Adm'r, 192 Ky. 64, 232 S.W. 60; Dysart v. Dawkins Log & Mill Co., 222 Ky. 415, 300 S.W. 906. Here we have proof without pleading. It is a rule as old as it is familiar that proof without pleading is of no avail. Mason v. Redwine, 314 Ky. 802, 236 S.W.2d 902.

■ We do not overlook CR 15.02, which provides that if issues not raised by the

pleadings are tried by express or implied consent, they shall be treated as if they had been so raised. Clay, CR 15.02, Comment 3. The objection to introducing the evidence, obviously, eradicated any implication of consent. The plaintiffs did not offer an amendment to their complaint to raise the issue.

This being the record, there was no waiver of a departure from the sole and entire basis for the cause of action set up in a complaint, that is to say, the rule does not permit a total variance.

The trial court should have sustained the defendants' motion for a judgment. The motion for an appeal is sustained, the appeal granted, and the judgment is

Reversed.